### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEC L., *et al.*,  ) | |
|  ) | |
|  Plaintiffs,  ) | |
| v.  ) | |
|  ) | Civil Action No. 1:11-cv-02235 (RLW) |
| LISA P. JACKSON, *et al.*,  ) | |
|  ) | |
|  ) | |
|  Defendants.  ) | |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

### INTRODUCTION

Plaintiffs' June 28, 2012 Motion for Reconsideration [Dkt. 174] should be denied.  As the Docket Sheet reflects, Plaintiffs filed hundreds of pages of briefs in an attempt to convince the Court that their First Amended Complaint states a valid public trust doctrine claim against the United States. When the briefing was complete, this Court allowed the parties ample time to prepare before holding a lengthy hearing on the Federal Defendants' and Defendant Intervenors' motions to dismiss. Plaintiffs were represented at the hearing by a number of experienced attorneys, several of whom spoke on Plaintiffs' behalf.  Both were afforded generous allotments of time to present argument in opposition to the dispositive motions and to respond to the Court's questions.

After careful consideration of the briefs and arguments of counsel, and relying mainly on Supreme Court and D.C. Circuit authority that fatally undermined Plaintiffs' legal theories on a number of fronts, this Court issued its ruling dismissing Plaintiffs' novel – indeed unprecedented – federal public trust doctrine claim against the six agency Defendants.  In rejecting that claim, this Court stated that not every dispute "is one for the federal courts to resolve" and that "a sweeping

court-imposed remedy" is not the "appropriate medicine for every intractable problem." *See* Memorandum Opinion [Dkt. 172] at 11. Plaintiffs are displeased with the outcome, but the Court's decision is founded on precedent, is well reasoned, and is clearly correct.

Plaintiffs' response to the Court's decision – a Rule 59(e) motion rearguing their flawed legal theories and attempting to raise new ones – must be rejected. A motion for reconsideration is neither a vehicle to reargue facts and theories upon which a court has already ruled nor a vehicle to raise issues that could have been raised previously. *See United States v. Sibblies*, 562 F. Supp. 2d 1, 4 (D.D.C. 2008) (efforts to reargue previous points and advance new ones find "no safe harbor in motions to reconsider."). Motions for reconsideration are highly disfavored and granted "only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). *See also New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995) (rejecting reconsideration motion as "essentially a rehash" of previously rejected arguments and stating that only if the movant presents "new facts or a clear error of law which '*compel*' a change in the court's ruling will the motion to reconsider be granted.") (emphasis added).

As Federal Defendants previously stated and this Court confirmed, the types of climate change remedies that Plaintiffs seek should be pursued through the Representative Branches, not through the courts under the public trust doctrine. However, if Plaintiffs wish to continue their attempt to bypass the Legislative and Executive Branches and seek unprecedented judicial intervention in federal agency affairs, their recourse lies not through renewed and repackaged arguments to this Court but through an appeal to the D.C. Circuit. *See Elliott v. Federal Bureau of Prisons*, 547 F. Supp. 2d 15, 28 (D.D.C. 2008) (denying motion to reconsider and stating that if the plaintiff wanted to continue litigation, he needed to "pursue the avenues" available to him in the Court of Appeals).

## DISCUSSION

Plaintiffs advance main three arguments for reconsideration.

1.      Their first argument pertains to the Supreme Court's February 22, 2012 decision in *PPL Montana, LLC v. Montana*, 132 S. Ct. 1215 (2012).  Plaintiffs argue that this Court "erred in accepting Intervenor Defendants' interpretation" of that decision "without the benefit of briefing by Plaintiffs and the Federal Defendants."  Pl. Reconsideration Mem. at 5.  Of course, Plaintiffs are not in position to complain that *Defendants* lacked an opportunity to brief the *PPL Montana* decision.  In any event, the United States took advantage of the opportunity offered by the Court to discuss the *PPL Montana* decision at the May 11, 2012 dispositive motions hearing.

For their part, Plaintiffs had ample opportunity, if not an affirmative obligation, to raise the *PPL Montana* decision in their 45-page April 16, 2012 Opposition to Intervenor Defendants' motion to dismiss. [Dkt. 160].  In that brief, Plaintiffs asserted that "there is a federal Public Trust Doctrine," a matter that, as this Court recognized in its Memorandum Opinion (at 6-7), the Supreme Court found to the contrary several months earlier in *PPL Montana*.  Plaintiffs ignored that unfavorable decision in their brief and cannot fairly complain that they were deprived of the opportunity to address the case.[1/]

In any event, courts routinely hold that the provision of a sufficient opportunity to discuss an issue at oral argument compensates for an asserted inability to present an issue in writing.  *See, e.g.*, *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1332 (Fed. Cir. 2008) (no abuse of discretion where party that was not given opportunity to "respond on paper" was allowed to present rebuttal arguments orally); *CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.*, 309 F. Supp. 2d 637, 645

---

[1/] In response to this Court's citation to the Supreme Court's statement in *PPL Montana*, 132 S. Ct. at 1235, that "the public trust doctrine remains a matter of state law" (*see* Memorandum Opinion at 6),  Plaintiffs argue unconvincingly that if "a few modifiers" were added to the Supreme Court's language, the opinion "would have clarified" matters in a manner favorable to Plaintiffs' position. *See* Pl. Reconsideration Mem. at 9.

(D.N.J. 2004) (because oral argument was heard on the issue, plaintiff had "sufficient opportunity to respond" to moving defendants' arguments). This is particularly true when a party has advance knowledge that the matter will be addressed at a hearing. Here, prior to the May 2012 hearing, Plaintiffs were not just aware of the existence of the *PPL Montana* decision, they also had notice of the precise argument that Plaintiffs' opponents were advancing to support dismissal. *See* April 23, 2012 Intervenors' Consolidated Reply [Dkt. 162].

If Plaintiffs' wish to attack this Court's interpretation of *PPL Montana*, they may do so in the Court of Appeals. They had ample opportunity to try to distinguish that case during prior proceedings in this Court.

2.     Plaintiffs' second argument for reconsideration is that they were "precluded an opportunity to fully brief the federal Public Trust Doctrine under the Constitution." *See* Pl. Reconsideration Mem. at 11 (emphasis in original). They now offer page after page of newly-minted arguments discussing due process under the Fifth and Fourteenth Amendments, and the Equal Protection and Commerce Clauses, and go on to ask for an additional opportunity to "fully brief the constitutional issues." Pl. Reconsideration Mem. at 24. Given that Plaintiffs previously submitted hundreds of pages of briefs in opposition to the motions to dismiss, there is no basis for any assertion by Plaintiffs that they were "precluded" from briefing the supposed constitutional underpinnings of the public trust doctrine that formed the basis for their claim.[2]

3.     Plaintiffs' third argument for reconsideration is that this Court "misinterpreted" the Supreme Court's decision in *American Electric Power Co. v. Connecticut*, 131 S. Ct. 2527 (2011) ("*AEP*"). Here, again, Plaintiffs seek essentially to rehash their prior displacement arguments in an

---

[2] Plaintiffs also attempt to raise entirely new arguments such as that "youth and future generations" should be treated as a "suspect" class. *See* Pl. Reconsideration Mem. at 29.

effort to convince the Court that it simply got the *AEP* decision all wrong.  If Plaintiffs want to

continue to press that argument, they should direct their entreaties to the D.C. Circuit.[3]

## CONCLUSION

Plaintiffs' motion for reconsideration or leave to amend should be denied.

Respectfully submitted July 16, 2012:

/s/ *Martin F. McDermott*
MARTIN F. McDERMOTT
Environment and Natural Resources Division
Environmental Defense Section, U.S. DOJ
P.O. Box 7611, Washington, D.C. 20044
martin.mcdermott@usdoj.gov
*ATTORNEY FOR DEFENDANTS*

---

[3] Near the end of their Reconsideration Memorandum (at 27), Plaintiffs include a paragraph arguing that if reconsideration is denied, they should be allowed to amend their complaint to re-cast their "constitutional claim."  As Plaintiffs note, however, where amendment would be futile, leave to amend should be denied.  Plaintiffs have had ample opportunity in this litigation to attempt to explain how the public trust doctrine is supposedly "embedded in the Constitution itself" and "assumes Constitutional force."  *See, e.g.,* Pl. Opp. to Intervenor Defendants' motion to dismiss [Dkt. 160] at 42.  Amendment here would be futile, and should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2012, a copy of the foregoing **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** was served electronically through the Court's CM/ECF system on all registered counsel.


s/ *Martin F. McDermott*