**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEC L., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LISA P. JACKSON, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:11-cv-02235 (RLW) |

**COMBINED OPPOSITION OF DEFENDANT-INTERVENORS
THE NATIONAL ASSOCIATION OF MANUFACTURERS
AND DELTA CONSTRUCTION COMPANY INC., ET AL.
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant-Intervenors the National Association of Manufacturers ("NAM") and Delta Construction Company Inc., *et al.*, respectfully submit this combined opposition to plaintiffs' motion for reconsideration. As we explain below, plaintiffs' motion does not remotely satisfy the stringent requirements governing reconsideration.

Reconsideration of a judgment after its entry "is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995). A movant must show (1) an intervening change in controlling law; (2) newly discovered and previously unavailable evidence; (3) a clear legal error; or (4) a manifest injustice. *Id.* at 125-27. The "clear error" standard is "very exacting"; a final judgment "must be dead wrong." *Piper v. United States*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) (internal quotation marks omitted). Reconsideration should not be granted based on "arguments . . . asserted in . . . original briefs," *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001), or that "could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Most of plaintiffs' 30-page memorandum re-hashes arguments that this Court has already rejected, and all of their arguments could and should have been made previously. Their claims to the contrary are baseless. More fundamentally, dismissal of unprecedented federal public trust claims that, as this Court recognized, are inconsistent with pronouncements by the D.C. Circuit and Supreme Court cannot possibly constitute clear error. Plaintiffs' recourse is to appeal that decision, not to re-litigate claims that were rejected after extensive briefing and oral argument.

## ARGUMENT

### I. Plaintiffs' Arguments Concerning *PPL Montana, LLC v. Montana* Provide No Basis For Reconsideration.

Plaintiffs claim that the Supreme Court's discussion of the public trust doctrine in *PPL Montana, LLC v. Montana*, 132 S. Ct. 1215 (2012), is dicta, and that reconsideration is warranted because plaintiffs allegedly lacked a full opportunity to brief the import of the decision. Mot. for Recon. (Doc. 175) at 2-3, 5-11, 27-28. This claim fails for two independently dispositive reasons.

*First,* plaintiffs had an adequate opportunity to address the *PPL Montana* decision. They cite *Marbury Law Group, PLLC v. Carl*, 729 F. Supp. 2d 78 (D.D.C 2010), to show that an inadequate opportunity to brief an issue can justify reconsideration. In that case, however, a *pro se* plaintiff tried to oppose a motion to dismiss, but a courier filed his opposition with the wrong court. *Id.* at 81-82. Both the *pro se* plaintiff and Court were unaware of the mistake, and the Court granted what appeared to be a "conceded" motion to dismiss. *Id.*

Here, plaintiffs are not proceeding *pro se*, and this Court did not grant the motions to dismiss under a mistaken belief that they were unopposed. Nor was the Court unaware of plaintiffs' view that the language from *PPL Montana* is dicta. Indeed, that issue was raised and debated at the lengthy hearing this Court held on the motions to dismiss. *See* Mem. Op. (Doc.

172) at 7.  The fact that plaintiffs had—and took advantage of—an opportunity to address the import of *PPL Montana* at that hearing forecloses relief under Rule 59(e).  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 891 (9th Cir. 2000) (upholding denial of Rule 59(e) relief where party could have made argument, *inter alia*, at hearing before the court).

While that opportunity is sufficient to dispose of their claim, plaintiffs' assertions of surprise and unfair sand-bagging are unfounded.  Plaintiffs claim that the "issues raised in *PPL Montana* were not the subject of any moving papers."  Mot. for Recon. at 3.  In fact, all of the defendants challenged the existence of a *federal* public trust doctrine, *see* Fed. Defs. Mot. to Dismiss (Doc. 64) at 22-23; NAM Mot. to Dismiss (Doc. 67) at 15-17; Delta Mot. to Dismiss (Doc. 159) at 8-9.[1]  Indeed, the NAM's motion made the very point that the Supreme Court later made in *PPL Montana*—*i.e.*, that the equal footing doctrine is a federal doctrine, but that, "[o]nce statehood is attained, . . . the equal footing doctrine 'd[oes] not operate after that date,' and the development of the public trust doctrine is a matter of state law."  NAM Mot. to Dismiss at 16.

Nor were *defendants* obligated to request "additional briefing" on *PPL Montana* at the March 5th status conference.  Mot. for Recon. at 2.  At that conference, the Court allowed the Delta intervenors to file a motion to dismiss, permitted plaintiffs to oppose that motion, and permitted the defendant-intervenors to file a consolidated reply.  The defendant-intervenors were not obligated to preview at the status conference the arguments they intended to present.

Moreover, in suggesting that the defendant-intervenors somehow hid the ball, plaintiffs overlook their own duty to address the *PPL Montana* decision—and the strategic risks they took

---

[1] In light of these arguments, it is difficult to understand how plaintiffs can assert that an *amicus* brief filed on April 23, 2012 "argu[ed] *for the first time* [that] no federal Public Trust Doctrine exists."  Mot. for Recon. at 12 (emphasis in original).

3

in failing to do so. Under Rule 11 and the local ethics rules, counsel have a "duty to research *and acknowledge adverse precedent and law.*" *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 184 (D.D.C. 2002) (emphasis added), *aff'd*, 333 F.3d 228 (D.C. Cir. 2003); *see also Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987) (rejecting claim that lawyer did not need to address authority he thought was distinguishable and criticizing the "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist"); *United States v. Knight*, 185 F. Supp. 2d 65, 68 n.1 (D.D.C. 2002) (government's citation to adverse authority was consistent "with both the letter and the spirit of" the local ethics rules). Here, nearly two months *after* the *PPL Montana* decision, plaintiffs filed a brief that repeatedly argued that the public trust doctrine "is not in any way 'exclusively a state law doctrine,'" Pls. Opp. to Delta Mot. to Dismiss (Doc. 160) at 13; *see also id.* at 15 (doctrine "'applies to both state and federal governments'"); *id.* at 37 ("there is a federal Public Trust Doctrine"). Plaintiffs thus had ample reason to acknowledge *PPL Montana* and to address whether it fatally undermined their claims; indeed, they ran the risk that it would be cited against them in the briefing or that the Court itself would identify the decision and rely on it in deciding the motions to dismiss. Plaintiffs' repeated suggestion, therefore, that the decision was somehow unfairly sprung on them in a last-minute *amicus* filing is groundless.

*Second*, plaintiffs' extended effort to demonstrate that the statement from *PPL Montana* is dicta is entirely beside the point. In its decision, this Court assumed that the statement *was* dicta. It nevertheless properly concluded that (a) Supreme Court dicta is binding, Mem. Op. at 7 (citing *Overby v. Nat'l Ass'n of Letter Carriers*, 595 F.3d 1290, 1295 (D.C. Cir. 2010)); (b) the Supreme Court's statement was, in all events, persuasive, *id.*; and (c) dicta from the D.C. Circuit's decision in *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077 (D.C. Cir. 1984),

4

was likewise persuasive, Mem. Op. at 7.  Plaintiffs' motion does not even mention these bases of the Court's decision (or the decisions in *Overby* and *Air Florida*), much less explain how the Court could commit clear legal error and a manifest injustice by following statements in Supreme Court and D.C. Circuit decisions that are binding, whether or not they are dicta.

As this Court observed, plaintiffs "have cited no cases . . . that have expanded the [public trust] doctrine to . . . impose duties on the federal government."  Mem. Op. at 4.[2]  In the absence of any such authority, this Court's decision plainly did not "radically alter[] Public Trust Doctrine jurisprudence."  Mot. for Recon. at 8.  Rather, the Court rejected plaintiffs' attempt to radically expand that doctrine in a manner inconsistent with statements by the Supreme Court and the D.C. Circuit.  Doing so is neither plainly wrong nor manifestly unjust.

## II.     Plaintiffs' Constitutional Claims Provide No Basis For Reconsideration.

There is likewise no merit to plaintiffs' claim that the Court committed clear error in dismissing their constitutional claims.

In claiming that the federal government is subject to public trust duties because those alleged duties are attributes of sovereignty or compelled by the "reserved powers" doctrine, *see* Mot. for Recon. at 13-17, plaintiffs are simply rehashing arguments previously made.  *See* Pls. Opp. to Delta Mot. to Dismiss at 14-16 (relying on "sovereignty" and "reserved powers" rationales); Pls. Opp. to NAM Mot. to Dismiss (Doc. 112) at 4 ("the Public Trust Doctrine is

---

[2] Plaintiffs cite a recent decision that holds that the federal government can extinguish a state's public trust rights in land, and explains that "'the public trust doctrine remains a matter of state law,' the contours of which are determined by the states, *not by the United States Constitution*." *United States v. 32.42 Acres of Land*, -- F.3d --, 2012 WL 2149459 (9th Cir. June 14, 2012) (quoting *PPL Montana*, 132 S. Ct. at 1235) (emphasis added).  Although the district court stated that a federal public trust duty attached to the portion of land under navigable waters, the Ninth Circuit did not address that issue in light of the federal government's failure to appeal it.

based on sovereignty and applies equally to the federal government as a sovereign"). Repetition of these arguments provides no basis for reconsideration. *Pearson*, 141 F. Supp. 2d at 107.

Nor is such relief warranted by plaintiffs' new—and wholly unsupported—claims that the public trust doctrine is grounded in the Due Process, Equal Protection and Commerce Clauses. Mot. for Recon. at 17-24. Plaintiffs baldly assert that they "were precluded an opportunity to *fully* brief the federal Public Trust Doctrine under the Constitution." *Id.* at 11; *see also id.* at 24 ("Plaintiffs were deprived of an opportunity to fully brief the federal Public Trust Doctrine under the Constitution"). This claim is plainly incorrect.

In its motion to dismiss, the NAM squarely challenged plaintiffs' constitutional claims. Noting that plaintiffs were claiming, "without citation to any authority, that the public trust doctrine is grounded in the Commerce Clause, the Fourteenth Amendment Equal Protection and Due Process Clauses, and the Fifth Amendment Due Process Clause," the NAM argued that "[t]hat claim is *utterly groundless*." NAM Mot. to Dismiss at 15 (emphasis added). The NAM explained that the public trust doctrine is entirely a creature of state law, *id.* at 15-17, reiterated that plaintiffs "do not and cannot claim any violations of the constitutional provisions they cite in their complaint," *id.* at 17 n.9, and then briefly explained, as to each clause plaintiffs invoked, why this was so, *id*. Plaintiffs thus had ample opportunity—indeed, they had a clear duty—to respond to these arguments and to show why their claims under specific constitutional provisions should not be dismissed. They failed to do so.

Far from demonstrating that they were "precluded" from offering such a showing, plaintiffs now explain that they consciously chose not to do so "because . . . 'Plaintiffs plainly show[ed] that the Public Trust Doctrine is based on sovereignty and applies equally to the federal government,'" and the "Federal Defendants did not dispute the Public Trust Doctrine arises

6

under" the clauses of the Constitution plaintiffs had invoked. Mot. for Recon. at 12 (quoting Pls. Opp. to NAM Mot. to Dismiss at 4). The government, however, sought dismissal of the entire complaint and argued that the public trust doctrine did not apply to the federal government. Fed. Defs. Mot. to Dismiss at 22-23. Plaintiffs were thus obligated to defend their federal public trust claims on all grounds available to them. Their strategic decision to rest that defense on their "sovereignty-based" rationale and to ignore the challenges the NAM raised to their reliance on specific clauses of the Constitution provides no basis for reconsideration. Having made that choice, plaintiffs cannot now claim that it would be "clear error" and a "manifest injustice" to deny them a chance to offer yet another set of arguments that they could, and should, have raised before.[3]

In all events, it cannot be clearly erroneous or manifestly unjust to reject constitutional claims that lack any support in precedent. Plaintiffs cite no judicial authority that describes the public trust doctrine as a right grounded in, or protected by, the Equal Protection, Due Process or Commerce Clauses. Indeed, their discussion of these provisions largely re-packages their sovereignty-based rationale. *See* Mot. for Recon. at 17 ("[b]ecause the Public Trust Doctrine is an inherent attribute of sovereignty, citizens' right to invoke the sovereign's public trust obligations . . . . should be recognized a fundamental right . . . protected by substantive due process"); *id.* at 22 (citing *Ill. Cent. R.R.* to show purported equal protection violation).

Plaintiffs may advocate novel theories and argue for the creation of new law. They cannot seek reconsideration, however, by advancing new arguments that they could and should

---

[3] Plaintiffs also assert that they alleged claims under the "our Posterity" clause of the Constitution's preamble, Mot. for Recon. at 28, and that this Court's failure to consider the "constitutional rights of youth and 'our Posterity' in its decision . . . . was error and results in a manifest injustice," *id.* at 30. A search using the Adobe Acrobat "find" function, however, revealed no reference in the Amended Complaint to "posterity" or to the preamble of the Constitution. It is plainly not erroneous or unjust to fail to consider unmentioned claims.

have raised before judgment was entered. Of course, this Court's refusal to adopt such utterly unprecedented claims is not "dead wrong," *Piper*, 312 F. Supp. 2d at 21, or manifestly unjust.

### III. Plaintiffs' Claims Concerning *American Electric Power* Provide No Basis For Reconsideration.

Plaintiffs also seek reconsideration based on this Court's supposedly erroneous failure to use a rule of statutory construction to interpret the Supreme Court's decision in *American Electric Power Co. v. Connecticut*, 131 S. Ct. 2527 (2011) ("*AEP*"). *See* Mot. for Recon. at 24-27. This claim is meritless. Plaintiffs discussed *AEP* and the issue of displacement in three different briefs in this case. *See* Pls. Opp. to Fed. Defs. Mot. to Dismiss (Doc. 106) at 17-21; Pls. Opp. to NAM Mot. to Dismiss at 17-20; Pls. Opp. to Delta Mot. to Dismiss at 37-43. They could have advanced their statutory construction-based theory of interpreting *AEP* in any or all of these filings. They did not do so, and they offer no excuse for that failure. That alone is sufficient to dispose of this asserted basis for their motion.

In all events, plaintiffs cite no authority for their interpretive theory, which is groundless. The Supreme Court is not a legislative body. It does not enact laws, but expounds on their meaning. Moreover, the very principle that Supreme Court dicta is binding on lower courts, *see Overby*, 595 F.3d at 1295, is fundamentally inconsistent with the unprecedented interpretive theory plaintiffs seek to apply to Supreme Court decisions.

### IV. Plaintiffs' Motion For Leave To Amend Should Be Denied.

Finally, because plaintiffs have failed to provide any basis for reconsideration of the Court's judgment, their motion for leave to amend their complaint must be denied. As the D.C. Circuit has explained, while "Rule 15(a)'s liberal standard for granting leave to amend governs once the court has vacated [its] judgment . . . to vacate the judgment, [a party] must first satisfy Rule 59(e)'s more stringent standard." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996) (per curiam).  As we have shown, plaintiffs have not remotely met Rule 59(e)'s "stringent standard."  As a consequence, their motion for leave to amend necessarily fails as well.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for reconsideration should be denied. Moreover, because plaintiffs have failed to satisfy the requirements for reconsideration, its motion for leave to amend should be denied as well.

Dated: July 16, 2012               Respectfully submitted,

/s/ Quin M. Sorenson
David T. Buente, Jr. (Bar No. 429503)
dbuente@sidley.com
Joseph R. Guerra (Bar No. 418532)
jguerra@sidley.com
Roger R. Martella Jr. (Bar No. 976771)
rmartella@sidley.com
Quin M. Sorenson (Bar No. 501292)
qsorenson@sidley.com
James R. Wedeking (Bar No. 500033)
jwedeking@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
*ATTORNEYS FOR DEFENDANT- INTERVENOR THE NATIONAL ASSOCIATION OF MANUFACTURERS*

/s/ Theodore Hadzi-Antich
Theodore Hadzi-Antich (Bar No. 251967)
PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111
(916) 419-7747 (fax)
*ATTORNEY FOR DEFENDANT-INTERVENORS DELTA CONSTRUCTION CO., INC. et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing COMBINED OPPOSITION OF DEFENDANT-INTERVENORS THE NATIONAL ASSOCIATION OF MANUFACTURERS AND DELTA CONSTRUCTION COMPANY INC., ET AL. TO PLAINTIFFS' MOTION FOR RECONSIDERATION was served this 16th day of July 2012, electronically through the Court's CM/ECF system on all counsel registered with that system, and by first-class mail on those counsel not registered, as listed below:

Martin F. McDermott
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986

Paige M. Tomaselli
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111

Julia Ann Olson
Wild Earth Advocates
2985 Adams Street
Eugene, OR 97405

Joseph W. Cotchett
Paul N. McCloskey, Jr.
Philip L. Gregory
Cotchett Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Thomas J. Beers
Beers Law Offices
234 E. Pine Street
P.O. Box 7968
Missoula, MT 59807-7968

/s/ Quin M. Sorenson
Quin M. Sorenson (D.C. Bar No. 501292)