**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEC L., *et al.*, | |
| Plaintiffs, | Civil Action No. 1:11-cv-02235 (RLW) |
| v. | |
| LISA P. JACKSON, *et al.*, | |
| Defendants, | |
| THE NATIONAL ASSOCIATION OF MANUFACTURERS, *et al.*, | |
| Defendant Intervenors | |

**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS AND DEFENDANT INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

I.      **Introduction**

The Opposition Briefs of the Federal Defendants and Defendant Intervenors ignore the dispositive issue on reconsideration: this Court's disavowal of Plaintiffs' constitutional bases for claims against Defendants under the Public Trust Doctrine. This Court's Memorandum Opinion dismissing Plaintiffs' Amended Complaint hinges on the following proposition: "Plaintiffs' one-count complaint **does not allege that the defendants violated a specific** federal law or **constitutional provision**, but instead alleges violations of the federal public trust doctrine." *See* Mem. Op., Doc. 172 at 1 (emphasis added).[1] As Plaintiffs' Motion for Reconsideration clarifies, however, Plaintiffs' Amended Complaint states their Public Trust Doctrine claims under the Constitution. *See* Am. Compl., Doc. 4, ¶¶ 139-141. Accordingly, the focus of reconsideration is not whether Plaintiffs were deprived of an opportunity to fully brief the constitutional bases for their claims, as the Federal Defendants would have this Court believe. *See* Federal Defs.' Opp'n Brief, Doc. 177 at 4. Nor is the focus of reconsideration the extent to which Defendants purportedly already successfully opposed the constitutional bases for Plaintiffs' claims, as Defendant Intervenors would have this Court believe. *See* Def. Intervenors Combined Opp'n Brief, Doc. 178 at 6. These arguments are incident and secondary to whether this Court properly justified dismissal without recognizing the constitutional claims pled in Plaintiffs' Amended Complaint.[2] By this Court's own admission, it did not. Reconsideration must therefore be

---

[1] Instead of addressing Plaintiffs' constitutional claims, this Court substantiated dismissal solely on review of Plaintiffs' common law Public Trust Doctrine claims, as well as the Supreme Court decisions in *PPL Montana, LLC v. Montana* and *American Electric Power Co. v. Connecticut*.

[2] In defending the motions to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiffs need not prove their case on the merits of their constitutional claims. They need only establish they have alleged a violation of a federal law, securing this Court's jurisdiction under 28 U.S.C. § 1331. *See Bell v. Hood*, 327 U.S. 678, 685 (1946) ("The right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction.").

granted, at a minimum, so that Plaintiffs are afforded an opportunity to be heard on their constitutional claims and this Court can rule on whether those claims confer jurisdiction on the Court and adequately support a claim upon which relief can be granted. Alternatively, should this Court find that Plaintiffs inadequately pled a constitutional violation, the proper ruling is to grant Plaintiffs leave to amend their claims under the Constitution to meet the pleading requirements of the Federal Rules of Civil Procedure.

II. **This Court Should Address Plaintiffs' Constitutional Claims and Grant Leave to Amend Should it Find Deficiencies in the Amended Complaint**

The Parties agree reconsideration is warranted where the Court made clear legal error or to prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Here, although Plaintiffs pled their Public Trust Doctrine claims under the Constitution in the Amended Complaint, this Court failed to address Plaintiffs' constitutional claims in its Memorandum Opinion dismissing Plaintiffs' Amended Complaint. That alone constitutes legal error sufficient for a motion for reconsideration. If this Court believes the Amended Complaint does not properly plead a constitutional claim, the proper resolution is granting leave to amend, not entering a dismissal with prejudice.[3] Citing the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962), the *Firestone* Court held:

> [W]hile the decision to grant or deny leave to amend is within the trial court's discretion, "**outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules**." We too have emphasized that a **proper exercise of discretion requires that the**

---

Even if this Court properly held there is no federal common law Public Trust Doctrine, it did not address whether Plaintiffs pled a constitutional claim for relief whereby jurisdiction was conferred on this Court pursuant to section 1331.

[3] At the hearing of the Motions to Dismiss, Plaintiffs' counsel requested leave to amend, if appropriate. Transcript, Doc. 171 at 75:24.

> **district court provide reasons**. *See Parker v. Baltimore & Ohio R.R.,* 209 U.S. App. D.C. 215, 652 F.2d 1012, 1018, 1020 (D.C. Cir. 1981) (reversing district court's denial of leave to amend, and remanding to the district court either to grant plaintiff leave to amend or provide sufficient reasons for its denial).

*Firestone,* 76 F.3d at 1209 (emphasis added).

Dismissal with prejudice is the exception, not the rule, in federal practice because it "operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quotation marks and citation omitted); *see also Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2494 (2010) (noting "the preference expressed in the Federal Rules of Civil Procedure for resolving disputes on their merits"). Accordingly, the "standard for dismissing a complaint with prejudice is high: 'dismissal with prejudice is warranted only when the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Belizan*, 434 F.3d at 583 (quoting *Firestone*, 76 F.3d at 1209). That exacting standard was not met here.

There exists no sufficient reason to deny Plaintiffs leave to amend their complaint and the Opposition Briefs fail to present any prejudice warranting denial of such amendment. *See Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (while a district court has discretion to grant or deny leave to amend a complaint, leave should ordinarily be freely granted in the absence of any apparent or declared reason for denial). Amendment here is justified because giving Plaintiffs leave to amend does not arise from bad faith or undue delay, is not futile, and does not risk prejudice to Defendants. *See Firestone*, 76 F.3d at 1208. Given the liberal standard governing pleading amendments, the burden is ordinarily on the party *opposing* the right to amend to demonstrate why a plaintiff should not be allowed to amend her complaint. *Id.* at 1209 (criticizing district court's "complete failure" to explain grounds for denying leave to amend).

4

Even where this Court finds Plaintiffs inadequately pled, or failed to plead altogether, their Public Trust Doctrine claims under the Constitution, Plaintiffs are entitled to leave to amend their Amended Complaint.  Dismissal of Plaintiffs' Amended Complaint should have been without prejudice.  *Firestone*, 76 F.3d at 1209.  Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave when justice so requires" that an amendment be made to a pleading.  *Kreiger v. U.S. Dep't of Justice*, 529 F. Supp. 2d 29, 39 (D.D.C. 2008).  Reconsideration is particularly appropriate in this case because this Court's decision stated there were no constitutional claims raised in the Amended Complaint.  Under the Supreme Court's ruling in *Foman* and this Circuit's ruling in *Firestone*, this Court's dismissal of Plaintiffs' claims – without addressing the constitutional bases for those claims – is legal error.

### III.   Conclusion

Plaintiffs respectfully request that this Court grant the instant Motion for Reconsideration, and vacate its order dismissing this case with prejudice.  *See Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002) (district court can and should correct clear errors in order to "preserve the integrity of the final judgment").

Dated:  July 26, 2012                             Respectfully submitted,

                                                                */s/ Julia A. Olson*

JULIA A. OLSON
(*pro hac vice*; jaoearth@aol.com)
WILD EARTH ADVOCATES
2985 Adams St.
Eugene, OR 97405
Telephone: (541) 344-7066
Facsimile: (541) 344-7061

PHILIP L. GREGORY
(*pro hac vice*; pgregory@cpmlegal.com)

COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

THOMAS J. BEERS
(*pro hac vice*; blo@montana.com)
BEERS LAW OFFICES
234 E. Pine
P.O. Box 7968
Missoula, MT  59807-7968
Telephone: (406) 728-4888
Facsimile: (406) 728-8445

TANYA SANERIB (D.C. Bar No. 473506;
Tanya@crag.org)
CRAG LAW CENTER
917 SW Oak St., Suite 417
Portland, OR 97205
Telephone: (203) 525-2722
Facsimile: (503) 296-5454

*Counsel for Plaintiffs*